UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-122-TAV-DCP |
| ANGEL ROBLERO-MENDEZ, Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Angel Roblero-Mendez's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 14], which was filed on September 23, 2026.

Defendant asks the Court to continue the motion and plea deadlines and trial in his case [*Id.*]. In support, Defendant states his counsel needs additional time for research and investigation to determine whether pretrial motions should be filed [*Id.* ¶ 2]. Counsel also needs additional time for a complete discovery review with Defendant [*Id.*]. Defendant states he is also facing a probation violation that has been transferred to this district from the Western District of Texas, and additional time is needed to discuss potential resolutions for both of his pending matters [*Id.*]. Additionally, because Defendant requires an interpreter for all meetings and discussions, time is needed to ensure Defendant fully understands the discovery in his case and his options moving forward [*Id.*].

Defendant acknowledges that the granting of a continuance will result in the delay being excluded under the Speedy Trial Act [*Id.* ¶¶ 3–4]. Defendant states the Government does not oppose the requested continuance [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). The Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to review and discuss with Defendant discovery and potential motions, and to discuss potential resolutions. The Court finds that this cannot occur before the October 27, 2026, trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 14**]. The trial date is reset to **February 2, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 23, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 14**] is **GRANTED**;

(2) the trial date is reset to commence on **February 2, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 23, 2026**, and the new trial date of **February 2, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is on or before **November 15, 2026**, and responses to pretrial motions are due on or before **November 29, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 4, 2027**;

(6) the deadline for filing motions *in limine* is **January 18, 2027**, and responses to motions *in limine* are due on or before **January 25, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 19, 2027, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 22, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge